# Drake *versus* Farmers' Union Insurance Co.

The waiver by an insurance company of a written notice of loss by fire, as required by the conditions of a policy of insurance, is a question for the jury.

This was an action brought by Charles Drake against said company for loss and damage done by fire to his stock of goods, which were insured by said company.

At the time the goods were destroyed there were several other stores burnt, some of which were also insured by said company. Mr. Drake did not send a written notice forthwith to the company, as required by a condition of the policy of

insurance; but the agent of the company resided near the place of fire, and knew of the same having occurred; but it was not shown that he notified the company thereof. However, the president and a director of the company repaired, a few days after the fire, to the place, and settled other losses the company there sustained, and also examined into this loss, but did not settle it, and afterwards refused to pay, and put their defence on the ground of want of *written notice forthwith after the fire.* When the case was brought to trial Judge Wilmot nonsuited the plaintiffs, thereby sustaining the plea of want of written notice, to which the plaintiff took exceptions, and brought the case before the Supreme Court. Defendants cited *Inman* v. *Great Western Insurance Company,* 12 Wend. 452, in which case it was held: that no notice given by the plaintiff of the fire or of his loss until twenty-two days after it occurred was not forthwith; and Judge Sutherland's definition of "forthwith" is " immediately, without delay, directly;" and also the case of *Trask* v. *The State Mutual Fire and Marine Insurance Company,* 5 Casey, 195, in which case it was held: that a delay of eleven days in giving notice is not in compliance with the contract. In this last case the company sent an agent to investigate the loss after having received the notice, and afterwards took advantage of the said eleven days' want of written notice, and thereby defeated the claim of the assured.

READ, J.—We think that the question of waiver of notice should have been submitted to the jury.

Judgment reversed and a *venire de novo* awarded.